**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT

| | |
|---|---|
| NELSON HAROLDO CASTANEDA ESCOBAR,<br><br>            Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>            Respondent. | No. 09-73345<br><br>Agency No. A073-754-747<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 5, 2013[**]
San Francisco, California

Before: TASHIMA, W. FLETCHER, and NGUYEN, Circuit Judges.

Nelson Haroldo Castaneda-Escobar petitions for review of a decision of the

Board of Immigration Appeals (BIA) affirming an immigration judge's denial of

his application for asylum, withholding of removal, and protection under the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[1]

The BIA did not err in finding that the mistreatment Castaneda-Escobar suffered was not on account of his membership in a particular social group. Castaneda-Escobar's proposed social group—"truck drivers or small business owners targeted by gangs for protection money"—has neither a "common characteristic that is fundamental to the members' identities" or "an innate characteristic which is so fundamental to the identities or consciences of its members they either cannot or should not be required to change it." *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007). Indeed, Castaneda-Escobar admitted that he could sell his trucks to start a different kind of business but it would not be as profitable as operating a trucking business.

Castaneda-Escobar's proposed social group also lacked "social visibility" and "particularity." There is no evidence that the gangs in Guatemala or the members of the Mazatenango community perceive Castaneda-Escobar's proposed

---

[1] On appeal, Castaneda-Escobar argues for the first time that the immigration judge abused her discretion by not allowing cross-examination and redirect examination. Because Castaneda-Escobar failed to exhaust this issue before the BIA, we lack jurisdiction to consider this argument. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004); *Samayoa-Martinez v. Holder*, 558 F.3d 897, 902 n.7 (9th Cir. 2009).

group as a social group, and Castaneda-Escobar admitted that the gangs extorted money not only from truck owners or operators but also people who own small stores or warehouses. *See Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1088–89 (9th Cir. 2013) (en banc) (stating that "social visibility" requires "that the shared characteristic generally be recognizable by other members of the community, or evidence that members of the proposed group would be perceived as a group by society" (internal quotation marks omitted)). Moreover, the proposed group is amorphous because Guatemalan society's idea of what the terms "small business owners" and "truck owners/operators" mean may vary. *Id.* at 1091 (stating that the "ultimate question" in the particularity requirement "is whether a group can accurately be described in a manner sufficiently distinct that the group would be recognized, in the society in question, as a discrete class of persons" (internal quotation marks omitted)).

Further, substantial evidence supports the BIA's conclusion that Castaneda-Escobar failed to establish that it is "more likely than not" that he will be tortured upon his return to Guatemala. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) ("To reverse the BIA['s] finding we must find that the evidence not only *supports* that conclusion, but *compels* it . . . ."). There is no evidence that a government official or person acting in an official capacity would torture him or

3

aid or acquiesce in his torture by gang members. Castaneda-Escobar therefore is ineligible for CAT relief.

Finally, we deny Castaneda-Escobar's motion to remand the matter or refer the matter to mediation.

**PETITION DENIED.**